UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 SEP 10 PM 4: 13

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>MIGUEL ZAYAS, )<br> a.k.a. "Meech;" )<br>LAMAR CARTER, )<br> a.k.a. "Bando," "Boog," and )<br> "Boogie," )<br>KAREN SCHUMANN, )<br>DEREK DAWSON, )<br>RYAN FARNHAM, )<br>TIMOTHY KRAN, )<br>THOMAS NEWMAN, and )<br>TAYLOR MAY, )<br>  Defendants. ) | Crim No.  5 : 15 - CR - 133 |

## INDICTMENT

The Grand Jury charges:

### COUNT I

From about early 2014 through August 2015, in the District of Vermont and elsewhere,

the defendants, MIGUEL ZAYAS, a.k.a. "Meech;" LAMAR CARTER, a.k.a. "Bando," "Boog,"

and "Boogie;" KAREN SCHUMANN; DEREK DAWSON; RYAN FARNHAM; TIMOTHY

KRAN; THOMAS NEWMAN; and TAYLOR MAY, knowingly and willfully conspired

together and with others, known and unknown to the grand jury, to distribute a mixture and

substance containing a detectible amount of heroin, a Schedule I controlled substance, and a

mixture and substance containing a detectible amount of cocaine base, a Schedule II controlled

substance.

(21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C))

1

COUNT II

On or about November 13, 2014, in the District of Vermont, the defendants, LAMAR CARTER, a.k.a. "Bando," "Boog," and "Boogie," and DEREK DAWSON, knowingly and intentionally distributed a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 18 U.S.C. § 2)

COUNT III

On or about December 11, 2014, in the District of Vermont, the defendants, LAMAR CARTER, a.k.a. "Bando," "Boog," and "Boogie," and KAREN SCHUMANN, knowingly and intentionally distributed a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 18 U.S.C. § 2)

<u>COUNT IV</u>

On or about January 22, 2015, in the District of Vermont, the defendant, LAMAR CARTER, a.k.a. "Bando," "Boog," and "Boogie," knowingly and intentionally distributed a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

COUNT V

On or about March 5, 2015, in the District of Vermont, the defendant, LAMAR

CARTER, a.k.a. "Bando," "Boog," and "Boogie," knowingly and intentionally distributed a

mixture and substance containing a detectible amount of heroin, a Schedule I controlled

substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

COUNT VI

On or about May 8, 2015, in the District of Vermont, the defendants, LAMAR CARTER, a.k.a. "Bando," "Boog," and "Boogie," and RYAN FARNHAM, knowingly and intentionally distributed a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 18 U.S.C. § 2)

<u>COUNT VII</u>

On or about January 22, 2015, in the District of Vermont, the defendant, MIGUEL ZAYAS, a.k.a. "Meech," knowingly and intentionally distributed a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

COUNT VIII

On or about August 4, 2015, in the District of Vermont, the defendants, MIGUEL ZAYAS, a.k.a. "Meech," and THOMAS NEWMAN, knowingly and intentionally distributed a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 18 U.S.C. § 2)

COUNT IX

On or about August 19, 2015, in the District of Vermont, the defendant, MIGUEL ZAYAS, a.k.a. "Meech," knowingly and intentionally distributed a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

## COUNT X

On or about August 20, 2015, in the District of Vermont, the defendants, MIGUEL ZAYAS, a.k.a. "Meech," and TAYLOR MAY, knowingly and intentionally distributed a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 18 U.S.C. § 2)

## COUNT XI

On or about April 3, 2015, in the District of Vermont, the defendant, TIMOTHY KRAN, knowingly and intentionally distributed a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 18 U.S.C. § 2)

11

## COUNT XII

On or about August 20, 2015, in the District of Vermont, the defendant, MIGUEL

ZAYAS, a.k.a. "Meech," knowingly and intentionally possessed with intent to distribute a

mixture and substance containing a detectible amount of cocaine base, a Schedule II controlled

substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 18 U.S.C. § 2)

## COUNT XIII

On or about June 21, 2015, in the District of Vermont, the defendant, LAMAR CARTER, a.k.a. "Bando," "Boog," and "Boogie," knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance.

(21 U.S.C. §§ 841(a)(1), 841(b)(1)(C))

13

## COUNT XIV

From in or about fall 2014 through August 2015, in the District of Vermont, the defendant, KAREN SCHUMANN, controlled a place, that is, 521 Concord Avenue, Apartment 2, St. Johnsbury, Vermont, as a lessee and occupant, and knowingly and intentionally made available for use such place for the purpose of unlawfully storing, distributing, and using controlled substances.

(21 U.S.C. §§ 856(a)(2))

14

FORFEITURE NOTICE – NO. 1

     1. The allegations contained in Count I of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

     2. Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. §§ 846 and 841(a)(1), the defendant, LAMAR CARTER, a.k.a. "Bando," "Boog," and "Boogie," shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.  The property to be forfeited includes, but is not limited to, the following:

          (a)     $4,400 in U.S. currency seized on or about June 21, 2015.

     3. If any forfeitable property described above, as a result of any act or omission of the defendant:

          (1)     cannot be located upon the exercise of due diligence;
          (2)     has been transferred or sold to, or deposited with, a third party;
          (3)     has been placed beyond the jurisdiction of the court;
          (4)     has been substantially diminished in value; or
          (5)     has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

15

## FORFEITURE NOTICE – NO. 2

1. The allegations contained in Count I of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

2. Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. §§ 846 and 841(a)(1), the defendant, MIGUEL ZAYAS, a.k.a. "Meech," shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.  The property to be forfeited includes, but is not limited to, the following:

(a)     $560 in U.S. currency seized on or about August 20, 2015.

3. If any forfeitable property described above, as a result of any act or omission of the defendant:

(1)     cannot be located upon the exercise of due diligence;
(2)     has been transferred or sold to, or deposited with, a third party;
(3)     has been placed beyond the jurisdiction of the court;
(4)     has been substantially diminished in value; or
(5)     has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

FOREPERSON

(CEN) ERIC S. MILLER
United States Attorney
Burlington, Vermont
September 10, 2015

17